

*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

```
                    FILED
                  DEC - 4 2007
          UNITED STATES BANKRUPTCY COURT
          EASTERN DISTRICT OF CALIFORNIA
```

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                         )  Case No. 05-24428-D-13L
                              )  Docket Control No. MWB-5
JOHN LOGAN,                   )
                              )
           Debtor.            )  DATE:   November 6, 2007
                              )  TIME:   1:00 p.m.
_____)  DEPT:   D (Courtroom 34)

### MEMORANDUM DECISION ON SECOND MOTION FOR APPROVAL OF ATTORNEYS FEES AND COSTS PAYABLE

This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.

John Logan (the "debtor") filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code ("Code") on April 18, 2005. Throughout this case Mark W. Briden, Attorney at Law ("Counsel") has acted as counsel for the debtor and this is Counsel's second fee motion. Through this second fee motion (the "Motion"), Counsel seeks additional compensation in the amount of $1,833 in fees and $18.30 in costs. Although no party has filed opposition to the Motion, the court has an independent duty to review all requests for compensation and to determine their reasonableness.

Section 330 of the Code sets out the standard for which courts should determine the reasonableness of attorney's fees. This section provides that in determining the amount of reasonable compensation the court should consider the nature,

- 1 -

extent, and value of the services rendered, taking account of all relevant factors, including the time spent on the services, the rates charged for the services, and the customary compensation of comparably skilled attorneys in other cases. Reasonableness is determined by looking at the nature, extent and value of the services rendered. See In re Eliapo 298 B.R. 392, 401 (9th Cir. BAP 2003).

In determining reasonableness under § 330(a)(3)(D) of the Code the court is to consider whether services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed. One component of this analysis requires the court to look at what other competent Chapter 13 practitioners would charge for a Chapter 13 case similar in complexity.

"The burden is upon the applicant to demonstrate that the fees are reasonable." In re Basham, 208 B.R. 926, 931-932 (9th Cir. BAP 1997) [citing Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941 (1983)].

At the outset the court notes that Counsel represents Chapter 13 debtors on a regular basis and that there is nothing out of the ordinary about this Chapter 13 case. Rather, the debtor's case is a routine, non-business Chapter 13 proceeding. Further, the court notes that when considering the original fee that the debtor paid, along with the fees already approved under Counsel's prior fee motions, Counsel has already been paid a total of $3,528.50 in this case.

The court notes that under the Guidelines for Payment of Attorneys Fees in Chapter 13 Cases Applicable in the Eastern

District of California (the "Fee Guidelines") in effect when this case was filed, the allowed "opt-in" fee for a Chapter 13 case was $2,500 and $4,000 for a business case. Attorneys can "opt-out" of the Fee Guidelines and Counsel has done so here. Although Counsel has "opted-out", there is a general presumption that the attorneys fees set in the Fee Guidelines for those who "opt-in" is sufficient to cover the basic attorney services necessary in a routine Chapter 13 case. See Eliapo, supra at 599. In fact, many competent Chapter 13 attorneys use the "opt-in" procedure provided for in the Fee Guidelines and provide full representation for the fixed fee.

Turning now to Counsel's fee request, the court finds that Counsel's hourly rate ($195 per hour) is reasonable and the court does not have an issue with the quality of Counsel's services. With that said, the court does have a real concern whether Counsel's fee request is reasonable.

There are numerous time entries that are excessive. By way of example only, on June 20, 2005 Counsel charged 1.8 hours for "Formulation and preparation of Docket Control MWB-2 Motion For Order Approving First Amended Chapter 13 Plan." This motion is a three-page, boilerplate pleading. Then on July 15, 2005 Counsel charged 1.6 hours for "Formulation and Preparation of Docket Number MWB-2 Motion to Confirm Second Amended Plan and Notice." This motion is a two-page, boilerplate pleading. Then on September 7, 2005 Counsel charged 1.6 hours for "Formulation and Preparation re Docket Number MWB-4 Notice and Motion for Order Confirming Third Amended Chapter 13 Plan." Except for two sentences in paragraph 4 of this motion, it is identical to the

motion prepared by Counsel on June 20, 2005. A review of these charges leads the court to one of two conclusions. One, that Counsel is horribly inefficient, or alternatively the time charged is grossly inflated. In either event these charges are clearly excessive and unreasonable.

However, rather than dissect Counsel's fee request line-by-line, or task-by-task, the court chooses to review the fee request on a global basis to determine reasonableness. Although Counsel has opted out of the Fee Guidelines, the fixed fee charged by many competent Chapter 13 practitioners is used as a guide as to what is reasonable compensation for handling a routine chapter 13 case.

The court finds the total fees requested in this case exceed the reasonable value of services rendered when compared to what other competent practitioners would charge for a Chapter 13 case of similar complexity. In this routine Chapter 13 case Counsel has already been paid $3,528.50 which is more than 140% of the fixed fee allowed if an attorney "opts-in" under the Guidelines.

The burden is on Counsel to demonstrate that the fees requested are reasonable. The Motion is void of any analysis or discussion as to the reasonableness of the fees requested. Accordingly, Counsel has not met his burden demonstrating the fees requested are reasonable. On the contrary, and for the reasons state, the court finds the aggregate fee requested in this case is excessive and unreasonable.

For the above reasons the Court finds that Counsel has already been paid reasonable compensation for the work performed.
/ / /

Accordingly, the Motion will be denied as the fees requested in the Motion exceed the reasonable value of the services rendered.

    A separate order will be entered consistent with this memorandum decision.

Dated:    DEC -4 2007

*Robert Bardwil*
Robert S. Bardwil
United States Bankruptcy Judge

Case 05-24428    Filed 12/04/07    Doc 54

## Certificate of Service

I certify that on  DEC - 4 2007  a copy of the **foregoing document** was mailed to the following:

Office of the US Trustee
501 "I" Street, Suite 7-500
Sacramento, CA 95814

Lawrence Loheit
P.O. Box 1858
Sacramento, CA 95812

Mark Briden
691 Maraglia Dr., #D
P.O. Box 493085
Redding, CA 96049-3085

FOR THE COURT
RICHARD G. HELTZEL
CLERK, U.S. BANKRUPTCY COURT

By: _____
           Deputy Clerk